## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY CONARD,** | : | **CIVIL NO. 1:22-CV-1121** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

This *pro se* lawsuit inspires a sense of deja vu all over again.[1]  This is Kelly Conard's third lawsuit in federal court alleging civil rights violations and workplace discrimination and retaliation by her former employer, the Pennsylvania State Police. (Doc. 1). Broadly speaking, Ms. Conard's prior lawsuits alleged a pattern of gender discrimination and retaliation by the defendants beginning in 2005. Ms. Conard's prior two lawsuits have ended unsuccessfully. The Court of Appeals affirmed the summary judgment dismissal of her first complaint in 2010. Conard v. Pennsylvania State Police, 360 F. App'x 337, 338 (3d Cir. 2010). In turn, the summary judgment dismissal of Conard's second lawsuit was affirmed by the

---

[1] Berra, Yogi.

appellate court in 2022. <u>Conard v. Pennsylvania State Police</u>, No. 20-3644, 2022 WL 58543, at *1 (3d Cir. Jan. 6, 2022).

Undeterred by these past fruitless litigative forays, Ms. Conard filed a third civil rights and workplace retaliation claim against the State Police on July 19, 2022. (Doc. 1). Given the prior history of this litigation, it is hardly surprising that the defendants have moved to dismiss this lawsuit, arguing that it is barred both by the statute of limitations and by the doctrine of res judicata given the dismissal of Conard's prior lawsuits. (Doc. 7 and 10). For her part, Ms. Conard has responded to this defense motion by arguing that her latest complaint involves new, timely, and unrelated allegations of retaliation which fall within the statute of limitations and outside the bar of the res judicata doctrine. (Doc. 16).

The only difficulty with this assertion by Ms. Conard is the immutable fact that her latest complaint is almost entirely devoid of well-pleaded factual allegations of specific acts by the defendants within the limitations period. Indeed, in its current form the complaint contains almost no specific factual recitals, and the factual claims set forth in this pleading are entirely unmoored to any particular date and time.

In the absence of well-pleaded allegations describing these new acts of discrimination or retaliation and stating when these events took place, we are at a loss to address the merits of any statute of limitations or res judicata defenses.

Simply put, in light of the history of this litigation, more specificity in terms of times and events is needed here by the plaintiff in order to state a claim upon which relief may be granted. Therefore, as discussed below, this complaint will be dismissed without prejudice to Ms. Conard filing an amended complaint which recites when and where this conduct is alleged to have occurred, matters that are material to an informed understanding of whether she may maintain this lawsuit in federal court.

## II.  **Discussion**

### A.  **Motion to Dismiss – Standard of Review**

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than

the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal,

4

556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement

5

with its facts.

Fowler, 578 F.3d at 210-11.

> As the Court of Appeals has observed:
>
> The Supreme Court in Twombly set forth the "plausibility" standard
> for overcoming a motion to dismiss and refined this approach in Iqbal.
> The plausibility standard requires the complaint to allege "enough
> facts to state a claim to relief that is plausible on its face." Twombly,
> 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility
> standard when the factual pleadings "allow[ ] the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556,
> 127 S. Ct. 1955). This standard requires showing "more than a sheer
> possibility that a defendant has acted unlawfully." Id. A complaint
> which pleads facts "merely consistent with" a defendant's liability, [ ]
> "stops short of the line between possibility and plausibility of
> 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead
> to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should
> identify allegations that, "because they are no more than conclusions,
> are not entitled to the assumption of truth." Id., at 1950. Finally,
> "where there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they plausibly give
> rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting

Iqbal, 129 S. Ct. at 1950).

6

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B.    In its Current Form, the Complaint Violates Rule 8.

In its current form, this complaint, whose factual recitals are unmoored to any dates or times, is subject to dismissal because it fails in one respect to comply with Rule 8's basic injunction that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

It is well settled that "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir.2007). Thus, when a complaint is "illegible or incomprehensible," id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir.2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir.2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir.2008); Stephanatos, 236 F. App'x 785; Scibelli, 219 F. App'x 221; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir. 2005). Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir.2011), or

when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir.2011). Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir.2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir.2012).

These principles are applicable here and compel the dismissal of this complaint since the complaint fails to allege when this conduct allegedly took place. The failure to allege these basic facts leave "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack, 438 F. App'x at 160. It also impedes any efforts to determine whether this pleading was timely filed within the statute of limitations. In fact, this principle applies with particular force here, where Ms. Conard's complaint recites legal causes of action that have twice been rejected by the courts, but she insists—without supporting factual detail—that this complaint involves new factual allegations which fall within the limitations period and have never been considered on their merits.

The timing and content of these alleged events is a significant fact because it is well settled that constitutional tort claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67

9

(1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). Likewise, to the extent that the complaint may simply re-package previously dismissed factual allegations, the doctrines of res judicata and collateral estoppel may apply and bar further consideration of these claims. However, given the temporal and factual void in Ms. Conard's current complaint we are unable to ascertain whether this complaint is barred by the statute of limitations or by principles of res judicata.

Simply put, more is needed here. In this case the *pro se* complaint is silent as to the dates of an alleged infractions and therefore fails to plead a claim that falls within the period of the statute of limitations. In such instances, Rule 8 compels dismissal of the complaint, which fails to state when these critical events are alleged to have occurred. See Serrano v. Unknown Bureau of Prisons Emps., No. 3:18-CV-1866, 2018 WL 5020036, at *5 (M.D. Pa. Sept. 25, 2018), report and recommendation adopted, No. 3:18-CV-1866, 2018 WL 5023321 (M.D. Pa. Oct. 16, 2018); Hill v. Havens, No. 4:18-CV-212, 2018 WL 1547883, at *5 (M.D. Pa. Jan. 31, 2018), report and recommendation adopted in part, rejected in part, No.

4:18-CV-00212, 2018 WL 1532799 (M.D. Pa. Mar. 29, 2018); <u>Foster v. Fink</u>, No. 3:14-CV-1368, 2016 WL 1728723, at *6 (M.D. Pa. Mar. 9, 2016), <u>report and recommendation adopted,</u> No. 3:14-CV-01368, 2016 WL 1718246 (M.D. Pa. Apr. 28, 2016); <u>Rummel v. Lewisburg Police</u>, No. 4:14-CV-268, 2015 WL 4078015, at *4 (M.D. Pa. Jan. 27, 2015), <u>report and recommendation adopted in part, rejected in part,</u> No. 4:14-CV-00268, 2015 WL 4078045 (M.D. Pa. July 2, 2015); <u>Collins v. Bates</u>, No. 1:14-CV-1486, 2014 WL 4447553, at *5 (M.D. Pa. Sept. 10, 2014).

As a general rule, in the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. <u>See, e.g.,</u> <u>Rhett</u>, 260 F.App'x 513; <u>Stephanatos</u>, 236 F. App'x 785; <u>Scibelli</u>, 219 F. App'x 221. Thus, while our initial analysis calls for dismissal of this action, we conclude that the plaintiff should be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We follow this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, we will provide the plaintiff with an opportunity to correct these deficiencies in the *pro se*

11

complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court by reciting when and where these events are alleged to have taken place.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: October 25, 2022

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY CONARD,** | : | **CIVIL NO. 1:22-CV-1121** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 25th day of October 2022, in accordance with the accompanying memorandum opinion, IT IS ORDERED that the defendants' motion to dismiss, (Doc. 8), is GRANTED and the clerk is directed to CLOSE this case without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court by filing an amended complaint reciting when and where these events are alleged to have taken place, provided that this amended complaint is filed on or before **November 15, 2022**.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

13