**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELLY CONARD,** | : | **Civil No. 1:22-CV-1121** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM OPINION</u>

### I.   <u>Introduction</u>

This case comes before us on a motion to reconsider filed by the plaintiff (Doc. 24), which asks us to vacate our prior ruling granting the defendant's motion to dismiss and dismissing the plaintiff's claims with prejudice. (Doc. 22). The instant motion represents the latest step in a decades long legal saga. The plaintiff, Kelly Conard, brought this suit against the Pennsylvania State Police, her former employer, alleging that PSP retaliated against her for filing two prior lawsuits—one in 2006 and one in 2015—by giving her negative employment references sometime in 2021 and 2022. The prior lawsuits brought by Conard alleged discrimination and

1

retaliation by PSP, were ultimately dismissed by this court, and the Third Circuit Court of Appeals affirmed the dismissals. See Conard v. Pennsylvania State Police, 360 F. App'x 337, 338 (3d Cir. 2010); Conard v. Pennsylvania State Police, No. 20-3644, 2022 WL 58543, at *1 (3d Cir. Jan. 6, 2022).

Notwithstanding this prior history, Mr. Conard reprised her claims, once again, in this lawsuit. The defendant then filed a motion to dismiss the instant case, and we granted this motion without prejudice to Conard filing an amended complaint. (Doc. 17). In response, Conard filed an amended complaint, after which the defendant renewed its motion to dismiss. Upon consideration, we granted this motion, dismissing the plaintiff's claims in her amended complaint with prejudice. (Doc. 22).

On this score, we first found that Conard had failed to administratively exhaust her retaliation claim. We further concluded that her retaliation claim failed as a matter of law because Conard had not pleaded facts showing that any alleged retaliatory conduct was causally connected to her prior lawsuits filed some 15 and 6 years, respectively, prior to the alleged conduct. Thus, we dismissed Conard's amended complaint with prejudice, having afforded her a prior opportunity to amend

her complaint and finding that her amended complaint suffered from the same flaws as the initial complaint.

Conard has now filed a motion urging us to reconsider our ruling dismissing her complaint with prejudice. (Doc. 24). Curiously, Conard does not argue that there has been an intervening change in the law, that new evidence exists that needs to be considered, or that our decision contained a clear error of law. Rather, Conard appears to simply assert, as she did in her amended complaint, that PSP continues to engage in retaliatory conduct against her.

After consideration, and given the exacting standards required for a motion to reconsider, this motion will be denied.

## II.   <u>Discussion</u>

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances: where there is either "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest

injustice." <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992). As

the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest
> errors of law or fact or to present newly discovered evidence." <u>Max's
> Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779
> F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered
> or amended if the party seeking reconsideration shows at least one of
> the following grounds: (1) an intervening change in the controlling law;
> (2) the availability of new evidence that was not available when the
> court granted the motion for summary judgment; or (3) the need to
> correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u>
> (citation omitted).

<u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251

(3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not

translate into the type of clear error of law which justifies reconsideration of a ruling.

<u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted

sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc</u>., 884 F.Supp. 937,

943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not

a tool to re-litigate and reargue issues which have already been considered and

disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is

appropriate only where the court has misunderstood a party or where there has been

a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In the instant case, the plaintiff does not argue that there has been an intervening change in the law which compels a different outcome here. Nor does she offer new evidence to support her claims. Rather, she appears to rely on evidence that she asserts was already submitted to the court, which she alleges shows a continued pattern of retaliatory conduct dating back to her 2006 lawsuit. She further relies on an apparent investigation of an individual who is not a party to this litigation, arguing that this investigation shows the retaliatory motive of the defendant. However, after consideration, we cannot conclude that we committed a clear error of law that resulted in a manifest injustice to the plaintiff.

On this score, we note that the alleged investigation regarding an individual who is not a party in this lawsuit appears to relate to the plaintiff's complaint in her prior lawsuit—that she was discriminated against because of her gender. Indeed, Conard asserts in her motion that this individual created a hostile work environment and discriminated against her because of her gender. (Doc. 24, at 9). She further argues that this conduct which was the basis of her prior lawsuits shows that these

prior lawsuits should not have been dismissed. (Id., at 10). However, we are constrained to note for the plaintiff that the claim alleged in the instant case, one of retaliation for protected activity, is not one of gender discrimination. Indeed, the plaintiff's claims of gender discrimination were dismissed, and the dismissals were upheld by the Court of Appeals.

Thus, it appears the plaintiff is using this motion to reconsider our ruling in this case to relitigate these prior cases which have been dismissed, and whose dismissal has been affirmed by the court of appeals.  However, as we have explained, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Thus, to the extent Conard urges us to revisit these claims in her prior lawsuits which have been dismissed, we must decline to do so.

Further, to the extent Conard asserts that our decision in the instant case resulted in a manifest injustice, we note that we first dismissed Conard's retaliation claim on exhaustion grounds, finding that it was undisputed that Conard never filed a claim with the EEOC regarding this alleged retaliatory activity. (Doc. 22, at 11). Conard provides us with no new evidence to refute this finding. Moreover, we found that even if Conard's claim had been properly exhausted, her complaint did not set

forth factual allegations showing a causal connection between her prior lawsuits against PSP and the retaliatory conduct she alleges occurred in 2021 and 2022. (Id., at 13-14). Further, we noted that Conard's complaint failed to identify any individuals alleged to have committed this retaliatory conduct. (Id., at 14-15). We then initially provided Conard with the opportunity to her amend her complaint to satisfy federal pleading standards, but to no avail. Regrettably, still Conard has not provided us with any basis for allowing this latest litigative foray to move forward. Rather, her motion and supporting briefs continue to assert in a vague and conclusory fashion that PSP has engaged in retaliatory conduct against her since the onset of her litigation in 2006.

As we have explained, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Moreover, a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Id. In the instant case, while the plaintiff disagrees with our decision and seek to reargue her position with respect to her claims, she has not demonstrated any new evidence, intervening change in the law, or clear error resulting in a manifest injustice to meet the exacting standard for a motion to reconsider. While we

acknowledge the plaintiff's subjective sense that she has been wronged, that subjective impression simply is not a substitute for well-pleaded facts which state a plausible claim for relief. Therefore, the motion to reconsider will be denied.

## IV.  **<u>Conclusion</u>**

Accordingly, for the foregoing reasons, the plaintiff's motion for reconsideration (Doc. 24) will be DENIED.

An appropriate order follows.

Submitted this  28th day of April 2023.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY CONARD,** | : | **Civil No. 1:22-CV-1121** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 28th day of April 2023, in accordance with the accompanying Memorandum Opinion, IT IS HEREBY ORDERED THAT the plaintiff's motion for reconsideration (Doc. 24) is DENIED.


<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge